LILES, Judge.
Appellant, plaintiff below, brings this interlocutory appeal from an order of the trial court setting aside a final judgment of divorce granted to appellant.
Prior to the institution of this action, appellant and appellee signed a memorandum to the effect that appellee could be contacted at any time through his attorney, Frances Ann Jamieson. Appellee was an employee of the State Department and a nonresident of Florida. When appellant filed this divorce action, an affidavit of constructive service was also filed, alleging that notice of the suit and a copy of the complaint had been sent to appellee’s residence at 7202 Reservoir Road, Washington, D. C. Appellee did not appear to contest the divorce action, and a final judgment of divorce was entered, dissolving the matrimony and awarding custody of the only minor child. Approximately eight months thereafter, appellee filed a motion to set aside the final judgment, attaching to it the above memorandum. No affidavits were filed in support of this motion. Appellant filed a motion to dismiss and a motion for judgment on the pleadings. *59 The trial court, after a hearing was held at which no testimony was offered by defendant-appellee, denied appellant’s motion to dismiss and entered an order setting aside the final judgment. This appeal ensued.
Appellant sets forth as the first ground for reversal that appellee’s motion to set aside the final judgment was based on F.R. C.P. 1.540(b) (3) or (4), 31 F.S.A. This rule allows a court to relieve a party or his legal representative from a final judgment, decree, order or proceeding for fraud, misrepresentation or other misconduct on an adverse party, and for the reason that the judgment or decree is void. It is urged that this motion and the memorandum by themseves (appellee having offered no testimony or affidavits in support of the motion) are not sufficient as proof of entitlement to relief under Rule 1.540(b) (3) or (4). Thus the order setting aside the judgment is without evidentiary basis. We agree, and therefore find it unnecessary to consider appellant’s additional ground for reversal.
The trial court set forth the following factual determinations as a basis for its order setting aside the final judgment: (1) that the appellant knew at all times where the appellee could receive notice personally and through his attorney, this being evidenced by the instrument executed by appellant and attached to defendant’s motion to set aside final judgment; (2) that notwithstanding this knowledge, appellant went to final hearing without actual notice to the defendant or his attorney, jurisdiction being predicated on a fraudulent affidavit for constructive service; (3) that the defendant was not guilty of neglect or delay in bringing this matter to the attention of the court. It is apparent that the memorandum signed by appellant and appellee was the determining factor for the trial court. The pertinent parts of the memorandum are as follows: “I, Judith Anne Roxby, have been advised by my husband, Edwin H. Roxby, that he can be contacted at any time through his attorney, Frances Ann Jamieson, or through our son Michael or our daughter Lyndy wherever he may be. /s/ Mrs. Judith Anne Roxby.” “I, Edwin H. Roxby, authorize my attorney, Frances Ann Jamieson, or her secretary, to furnish my address to Mrs. Judith Anne Roxby, at any time she may request it. I will keep Mrs. Jamieson advised as to any change of my address, /s/ Edwin H. Roxby.” It was dated June 6, 1967. Appellant’s action for divorce was filed on May 6, 1968.
This memorandum, coupled with appellant’s testimony, reveals the following: that appellant and appellee have been informally separated since March 1967; that at the time of the separation appellee was a civilian employee in Viet Nam; that he has since been employed in the Latin American Bureau of the Department of Housing and Urban Development, and is frequently out of the United States on business; that appellant contacted appellee at this office in Washington, D. C. before and after the action for divorce was filed,' and had more or less continuous knowledge of the mailing address and office address of ap-pellee; that appellee was unable to give a current residence, as he is traveling most of the time and living in hotels and with associates; that he resided at 7202 Reservoir Road, Washington, D. C., for several months about a year or a year and a half prior to May 1, 1969; and that although appellee informed appellant of his change of address from 7202 Reservoir Road, the new address was his office mailing address, and appellee did not supply appellant with the address of a residency other than that on 7202 Reservoir Road.
Although appellant may have lacked candor and good faith in not sending an additional notice of the complaint to ap-pellee’s known mailing address, Fla.Stat. §§ 49.011, 49.021 and 49.041, F.S.A. require only constructive service of process at appellant’s last known residence, since he was not a resident of this state. Viewing the above evidence, there is nothing to indicate that appellant had knowledge of *60 any other residence of appellee than that to which service was made. Thus the finding of the trial judge that appellant knew where appellee could be served personally is irrelevant, that it was fraud to go to final hearing without actual notice to the appellee or his attorney is without statutory basis, and that the proceeding was based on a fraudulent affidavit for constructive service is not supported by the evidence adduced.
For these reasons we must reluctantly reverse the order of the trial court setting aside the final judgment of divorce granted to appellant.
HOBSON, C. J., and PIERCE, J., concur.